FILED

# UNITED STATES DISTRICT COURT
## Western District of Texas
## Austin Division

20 JUN 17  AM 10: 17

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

| | | |
|---|---|---|
| TIFFANY MCKAY, | § | |
| | § | |
| *Plaintiff* | § | CASE # 1:20-cv-00547-RP |
| | § | |
| v. | § | |
| | § | |
| NATIONAL MANAGEMENT | § | |
| RECOVERY CORPORATION | § | |
| | § | |
| & | § | |
| | § | |
| HARTFORD CASUALTY | § | |
| INSURANCE COMPANY | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| *Defendants.* | § | |

## FIRST AMENDED COMPLAINT

1.    Plaintiff Tiffany McKay brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain actual damages, statutory damages, injunctive relief, costs and a reasonable attorney's fee for violations of the FDCPA and the TDCA.

## VENUE

2.    Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and

transactions occurred in this district and because the Defendant transacts business in this district.

THE PARTIES

3.     Plaintiff Tiffany McKay (**"McKay"**) is an individual residing in Travis County, Texas.

4.     Defendant National Management Recovery Corporation (**"NMRC"**) is a company organized and existing under the laws of the State of Florida. NMRC may be served by serving its registered agent at the following address:

>  Corporation Service Company
>  211 E. 7th Street, Suite 620
>  Austin, TX 78701-3218 USA

5.     Defendant Hartford Casualty Insurance Company may be served by serving its registered agent at the following address:

>  CT Corporation System
>  1999 Bryan St., Ste. 900
>  Dallas, TX 75201

FACTUAL ALLEGATIONS

6.     McKay resides in Austin, TX.

7.     McKay allegedly owed money to ACE Cash Express for a loan.

8.    McKay used the loan for personal and household purposes.

9.    McKay did not pay the alleged debt and it went into default.

10.    After default, the debt as sent to NMRC for collection.

11.    NMRC describes itself as providing "the highest quality debt collection services for creditors with outstanding delinquent or distressed receivables."[1]

12.    NMRC attempted to collect the alleged debt from McKay.

13.    NMRC called McKay's phone.

14.    NMRC stated that the call was from a police officer and that if McKay did not pay the alleged debt that a criminal action would commence against her.

15.    The call was not from a police officer.

16.    McKay had not committed a crime related to the alleged debt.

17.    McKay was frightened by the call from the alleged police officer.

18.    McKay called the number the "police officer" gave her.

---

[1] https://nationalrecovery.net/about-us/

19. The phone number sent calls to NMRC.

20. McKay set up a payment plan with NMRC.

21. McKay made a payment of $340.00 on the alleged debt to NMRC.

22. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

23. McKay is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

24. NMRC is a "debt collector" as defined by § 1692a(6) of the FDCPA.

## VIOLATIONS OF THE FDCPA § 1692e

25. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

26. Section 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27.   NMRC violated § 1692e(7) of the FDCPA by falsely representing that McKay had committed a crime.

28.   NMRC violated § 1692e(10) of the FDCPA by falsely representing that the call was from a police officer.

## VIOLATIONS OF THE TDCA § 392.301

29.   Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

30.   Section 301 of the TDCA states:

THREATS OR COERCION. (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

(2) accusing falsely or threatening to accuse falsely a person of fraud or any other crime;

(6) threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law[.]

31.   NMRC violated § 301 of TDCA by falsely accusing McKay of committing a crime.

32.   NMRC violated § 301 of the TDCA by falsely threatening to file a charge, complaint, or criminal action against McKay when she had not violated a criminal law.

<u>REQUEST FOR RELIEF</u>

33.   Plaintiff requests that this Court award her:

    a.    Statutory damages;

    b.    Actual damages;

    c.    Injunctive relief;

    d.    Costs; and

    e.    A reasonable attorney's fee.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury.

Respectfully Submitted,
By: _Tyler Hickle_
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com